UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **REYNALDO FLORES,** | § | |
| **TDCJ No. 1912036,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| **V.** | § | **CIVIL NO. SA-15-CA-222-XR (JWP)** |
| | § | |
| **R. VARA, San Antonio Police Detective,** | § | |
| **Badge no. 2046,** | § | |
| **R. VALADEZ. San Antonio Police Detective,** | § | |
| **Badge no. 2101,** | § | |
| **T. PORTER, San Antonio Police Sergeant,** | § | |
| **Badge no. 3175,** | § | |
| **DAVID BIERMAN, San Antonio Police** | § | |
| **Badge no. 2334,** | § | |
| **W. McCOURT, San Antonio Police** | § | |
| **Sergeant,** | § | |
| **SUSAN REED,** | § | |
| **CHRISTOPHER W.  DEMARTINO,** | § | |
| **GEORGE ALBRITTON EASTLAND,** | § | |
| **EDWARD A. GARCIA, JR., and** | § | |
| **EDWARD GARCIA,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff Reynaldo Flores has filed this civil rights action pursuant to 42 U.S.C. Section 1983

naming as defendants five San Antonio Police Officers and detectives, the former Criminal District

Attorney of Bexar County, a current Assistant Bexar County District Attorney and felony prosecutor,

a former Bexar County grand jury foreperson, and a private citizen who bears the same name as the

grand jury foreperson and seeks to collaterally attack Plaintiff's criminal conviction in Bexar County

criminal cause 2012-CR-1969.  Liberally construed, Plaintiff's pro se original complaint alleges (1)

he was maliciously prosecuted on charges of aggravated kidnaping and sexual assault in cause no.

2012-CR-1969 as a result of a conspiracy between the named defendants, (2) Plaintiff's property was illegally seized and taken by the police department defendants in 2011 and 2012, (3) the prosecutors conspired with other to maliciously prosecute and indict Plaintiff in violation of Double Jeopardy principles, conceal unspecified *Brady* material, and coerce witnesses to testify falsely against Plaintiff, (4) the grand jury indicted Plaintiff in a multifarious indictment in violation of Double Jeopardy principles, and (5) witnesses testified falsely against Plaintiff at trial.

For the reasons discussed below, Plaintiff's claims will be dismissed as frivolous and for failure to satisfy the condition precedent to filing a new civil rights action set forth in 28 U.S.C. Section 1915(g).

## I. Background

The Court takes judicial notice of the facts (1) Plaintiff Reynaldo Flores (TDCJ no. 1912036) was convicted in December, 2012 in Bexar County, Texas in cause no. 2012-CR-1969 of assault on a family member and is currently serving a ten-year sentence for that offense; (2) Plaintiff's prior Section 1983 action filed as cause no. SA-12-CA-877-OG, styled *Flores v. District Attorney Susan Reed, et al.*, was dismissed with prejudice as frivolous and for failure to state a claim in an Order and Judgment issued November 30, 2012 in which this Court also imposed monetary sanctions upon Plaintiff[1]; (3) Plaintiff's prior Section 1983 action filed as cause no. SA-13-CA-2-FB, styled *Flores v. San Antonio Police Department, et al.*, was dismissed as frivolous and for failure to state a claim in an Order and Judgment issued July 24, 2013[2]; and (4) Plaintiff's prior Section 1983 action filed

---

[1] Plaintiff did not file an appeal from this Court's Judgment in that cause.

[2] In an unpublished Order issued November 4, 2014 in cause no. 14-50061, the Fifth Circuit dismissed plaintiff's Notice of Appeal in cause SA-13-CA-2-FB as untimely.

as cause no. SA-13-CA-629-OG, styled *Flores v. Reed, et al.*, was dismissed as frivolous and for failure to state a claim in an Order and Judgment issued July 12, 2013.[3]

Accordingly, pursuant to 28 U.S.C. § 1915(g), Pplaintiff is not eligible to proceed In Forma Pauperis in this Court unless Plaintiff can establish that he "is under imminent danger of serious physical injury." *See Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009) (explaining the consequences for a prisoner of accumulating "three strikes" under 28 U.S.C. § 1915(g), i.e., the imposition of a barrier to proceeding In Forma Pauperis absent a showing the plaintiff is under imminent danger of serious physical injury), *cert. denied*, 560 U.S. 944 (2010); *Adepegba v. Hammons*, 103 F.3d 383, 386-87 (5th Cir. 1996) (holding the "three strikes" provision does not unconstitutionally impede a prisoner's right of access to the courts because the prisoner remains free to proceed without the advantages of the In Forma Pauperis procedures and recognizing that, prior to the advent of the "three strikes" rule, federal courts routinely revoked the privilege of proceeding In Forma Pauperis after numerous dismissals of lawsuits filed by a serial litigant).

## II. Analysis of Plaintiff's New Complaint

Plaintiff filed his original complaint in this cause not earlier than March 15, 2015, i.e., the date Plaintiff signed his original complaint before Plaintiff transmitted same to the Corpus Christi Division of the United States District Court for the Southern District of Texas.  That court transferred this cause to this Court on March 23, 2015.  Insofar as Plaintiff seeks to recover damages under Section 1983 based upon the acts or omissions of the named defendants prior to March 15, 2013, those efforts are barred by the two-year statute of limitations applicable to Section 1983 claims in Texas.  There is no federal statute of limitations for § 1983 actions.  *Hardin v. Straub*, 490 U.S.

---

[3] Plaintiff filed no Notice of Appeal from this Court's Judgment in that cause.

536, 538 (1989) ("Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law."); *Edmonds v. Oktibbeha County, Miss.,* 675 F.3d 911, 916 (5th Cir. 2012). Therefore, the Supreme Court has directed federal courts to borrow the forum state's general personal injury limitations period. *Wallace v. Kato*, 549 U.S. 384, 387 (2007) ("Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts."); *Owens v. Okure*, 488 U.S. 235, 249-50 (1989).  In Texas, the applicable limitations period is two years.  *Crostley v. Lamar County, Texas*, 717 F.3d 410, 421 (5th Cir. 2013) ("the limitations period for a § 1983 claim is the same as for personal injury actions in the forum state, which in Texas is two years").  *Texas Civil Practice and Remedies Code* §16.003(a).  Thus, insofar as Plaintiff complains about actions of the defendants of which Plaintiff was aware in 2011 and 2012, his Section 1983 claims herein are barred by the statute of limitations.  A Section 1983 cause of action for malicious prosecution accrues when the criminal proceeding against the plaintiff finally terminates favorably to the plaintiff.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Eugene v. Alief I.S.D.*, 65 F.3d 1299, 1306 (5th Cir. 1995).  Plaintiff was aware in November, 2012 that the aggravated kidnaping and sexual assault charges brought against him terminated favorably to him at that time.[4]  Plaintiff's new claims premised upon the allegedly malicious prosecution for aggravated kidnaping and sexual assault are barred by the two-year statute of limitations.

---

[4] Among the attachments to Plaintiff's original complaint herein is a copy of the Judgment of acquittal on Count II of the indictment in Bexar County cause no. 2012-CR-1969, issued November 26, 2012.

Having carefully reviewed the remainder of plaintiff's new Section 1983 complaint, this Court finds it is little more than an attempt to re-litigate claims which this Court dismissed as frivolous and for failure to state a claim in the course of Plaintiff's three prior Section 1983 actions discussed above.

As this Court explained in its Dismissal Order in cause no. SA-13-CA-2-FB, Plaintiff's conclusory allegations that his property was taken by San Antonio Police Officers are legally frivolous.  The negligent act of a person operating under color of state law that results in a deprivation of personal property does not implicate the Due Process Clause.  *Daniels v. Williams*, 474 U.S. 327, 330-35 (1986).  Even the intentional destruction of an inmate's property does not raise a constitutional claim if an adequate post-deprivation remedy exists.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Myers v. Klevenhagen,* 97 F.3d 91, 94-96 (5th Cir. 1996).  A tort cause of action under state law is sufficient to satisfy the requirements of due process where a plaintiff alleges that he has been denied his property sans due process of law by the random or unauthorized negligent or intentional acts of a state officer.  *Sheppard v. State of Louisiana Board of Parole*, 873 F.2d 761, 763 (5th Cir. 1989); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984) (holding the burden is on the complainant to demonstrate that state tort remedies are inadequate to provide relief).  In Texas, the tort of conversion fulfills this requirement.  Plaintiff has alleged no facts showing state tort remedies are inadequate to permit him to recover damages for any loss of his property which resulted from unlawful activity by any of the named defendants herein.

Insofar as Plaintiff seeks to recover a judgment against the former Bexar County District Attorney and Plaintiff's prosecuting attorney, as this Court explained in its Dismissal Orders in both cause no. SA-12-CA-877-OG and SA-13-CA-629-OG, Plaintiff's claims are foreclosed by the

doctrine of absolute prosecutorial immunity.  Prosecutors are absolutely immune from liability under the federal civil rights statutes with regard to actions taken by them within the course and scope of representing the governmental agencies and subdivisions in judicial proceedings, i.e, when acting as advocates of the state.  *Imbler v. Pachtman*, 424 U.S. 409, 430-31 & n.33 (1976); *Mowbray v. Cameron County*, 274 F.3d 269, 276 (5th Cir. 2001), *cert. denied*, 535 U.S. 1055 (2002).  Under the doctrine of prosecutorial immunity, a prosecutor is absolutely immune in a civil rights lawsuit for any action taken in connection with a judicial proceeding.  *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-73 (1993).  *Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir. 1993) (holding  a prosecutor is absolutely immune from Section 1983 liability for actions taken in initiating and pursuing prosecution); *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991), *cert. denied*, 504 U.S. 965 (1992).  "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."  *Boyd v. Biggers*, 31 F.3d at 285 (*quoting Buckley v. Fitzsimmons*, 509 U.S. at 273, 113 S. Ct. at 2615: "Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial.").

Insofar as Plaintiff seeks to recover damages under Section 1983 based upon the alleged false testimony of trial witnesses, Plaintiff ignores the well-settled principle that a trial witness has absolute immunity with respect to any claim based upon the witness' testimony.  *Rehlberg v. Paulk*, ___ U.S. ___, ___, 132 S. Ct. 1497, 1505, 182 L. Ed. 2d 593 (2012); *Briscoe v. LaHue*, 460 U.S. 325, 332-33 (1983); *Moffett v. Bryant*, 751 F.3d 323, 325 (5th Cir. 2014).

Plaintiff's complaints about the alleged actions of state grand jurors are likewise frivolous as grand jurors are entitled to the protection of absolute immunity for actions performed in the course of their official duties.  *See Imbler v. Pachtman*, 424 U.S. at 422 n.20 (recognizing the acceptance of grand juror immunity as a common law principle in this nation); *Marrero v. City of Hialeah*, 625 F.2d 499, 507 (5th Cir. 1980) ("The prosecutor's immunity is derived from the absolute immunity accorded judges and grand jurors, an immunity necessitated by the concern that these actors in the judicial process required by law to make important decisions regarding the initiation, conduct, and merit of controversies which often excite "the deepest feelings" of the parties would be intimidated in the exercise of their discretion by the fear of retaliatory lawsuits brought by angry defendants."), *cert. denied*, 450 U.S. 913 (1981).

Plaintiff's conclusory conspiracy assertions furnish no basis for liability under Section 1983. *See Priester v. Lowndes County*, 354 F.3d 414, 423 n.9 (5th Cir.) (allegations of a conspiracy between private and state actors require more than conclusory statements), *cert. denied*, 543 U.S. 829 (2004); *Babb v. Dorman*, 33 F.3d 472, 476 (5th Cir. 1994) (conclusory allegations of conspiracy insufficient to support a viable claim).  For the reasons set forth in this Court's Dismissal Orders in cause nos. SA-12-CA-877-OG, SA-13-CA-2-FB, and SA-13-CA-639-OG, Plaintiff's conclusory conspiracy claims herein are equally frivolous.

Moreover, Plaintiff has failed to allege any specific facts showing he is currently under imminent danger of serious physical injury, as required to permit a litigant, such as Plaintiff,  barred by 28 U.S.C. Section 1915(g)'s "three strikes" provision, to proceed In Forma Pauperis.  *See Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009) (persons barred under the "three strikes" provision may not proceed In Forma Pauperis unless they demonstrate they are under imminent

danger of serious physical injury), *cert. denied*, 560 U.S. 944 (2010); *Samford v. Dretke*, 562 F.3d 674, 682 (5th Cir. 2009) (holding the same).

### III. Order

Accordingly, it is hereby **ORDERED** that:

1.  The referral of this cause to the Magistrate Judge is **WITHDRAWN.**

2.  Plaintiff is **DENIED** leave to proceed In Forma Pauperis.[5]

3.  All of Plaintiff's claims herein are **DISMISSED** with prejudice as frivolous and malicious.

4.  All other pending motions are **DISMISSED as moot.**

5.  Effective immediately, the Texas Department of Criminal Justice shall transfer to the Clerk of this Court the sum of thirty-five dollars ($35.00) from Plaintiff's TDCJ inmate trust account as monetary sanctions for the filing of this frivolous and malicious lawsuit.  In the event the current balance in Plaintiff's inmate trust account is insufficient to pay this sanction, the TDCJ shall hold any new deposits made into Plaintiff's inmate trust account, regardless of the balance therein, and transfer such funds to the Clerk of this Court until such time as the entire amount of monetary sanctions imposed by this Order shall be paid in full.  The payment mandated under this paragraph may be made in any manner acceptable to the Clerk of this Court but should contain information indicating the funds transferred to this Court are for monetary sanctions imposed in this cause.

6.  **The Clerk of Court shall send a copy of (1) this Dismissal Order and the Final Judgment in this case and (2) the Court's Dismissal Order and Final Judgment in cause no.**

---

[5] Plaintiff has alleged no facts showing his physical safety has been, or is currently being, threatened by any act or omission by any of the defendants listed in his new complaint.

**SA-12-CA-877-OG, to the Pro Se Staff Attorney, Attn.: Keeper of the "Three Strikes List,"**

**U.S. District Court for the Eastern District of Texas for the Tyler Division, 211 West Ferguson,**

**Tyler, Texas 75702, so that this case may be recorded in the "Three-Strikes List."**

7.   The Clerk of this Court shall transmit Certified a copy of this Dismissal Order and the Final Judgment to both (1) the TDCJ Office of General Counsel, P.O. Box 13084, Austin, Texas 78711, and (2) the TDCJ Inmate Trust Fund, Attn: Mr. Clark, P.O. Box 629, Huntsville, Texas 77342.

8.   The Clerk shall transmit to the TDCJ Office of General Counsel, P.O. Box 13084, Austin, Texas 78711, copies of this Court's Dismissal Orders and Final Judgments in cause nos. SA-12-CA-877-OG, SA-13-CA-2-FB, and SA-13-CA-629-OG.

SIGNED this 31st day of March, 2015.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE